Quentin M. Rhoades
State Bar No. 3969
**SULLIVAN, TABARACCI & RHOADES, P.C.**
1821 South Avenue West
Third Floor
Missoula, Montana 59801
Telephone: (406) 721-9700
Facsimile: (406) 721-5838
qmr@montanalawyer.com

*Pro Querente*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### MISSOULA DIVISION

| | |
|---|---|
| **MONTANA SHOOTING SPORTS ASSOCIATION, SECOND AMENDMENT FOUNDATION, Inc., and GARY MARBUT,**<br><br>Plaintiffs,<br><br>vs.<br><br>**ERIC H. HOLDER, JR., ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,**<br><br>Defendant. | Cause No. _____<br><br><br><br><br>***COMPLAINT*** |

Plaintiffs Montana Shooting Sports Association, Second Amendment Foundation, Inc., and Gary Marbut ("PLAINTIFFS"), by and through the

undersigned counsel of record, allege for their Complaint against Eric H. Holder, Attorney General of the United States of America ("DEFENDANT") as follows:

1. Plaintiff Montana Shooting Sports Association ("MSSA") is a non-profit corporation organized under the laws of the State of Montana. The purpose of MSSA is to "support and promote firearm safety, the shooting sports, hunting, firearm collecting, and personal protection using firearms, to provide education to its members concerning shooting, firearms, safety, hunting and the right to keep and bear arms, to own and/or manage one or more shooting facilities for the use of its members and/or others, and to conduct such other activities as serves the needs of its members." MSSA regularly lobbies the Montana Legislature and its efforts were instrumental in the passage of the Montana statutes at issue in this civil action. MSSA has a genuine and viable interest in this case, as its goals and existence depend upon the protection of the rights and interests of its members and the enforcement of Montana law.

2. Plaintiff Second Amendment Foundation, Inc. ("SAF"), is a non-profit membership organization incorporated under the laws of the State of Washington, with its principal place of business in Bellevue,

2

Washington. SAF has over 650,000 members and supporters nationwide, including Montana. The purposes of SAF include promoting the exercise of the right to keep and bear arms, education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control.

3. PLAINTIFF Gary Marbut ("MARBUT") is the President of MSSA, a citizen of the United States, and a resident of Missoula, Montana. Marbut is responsible for promoting and protecting the interests of MSSA and its members. Further, as an individual, Marbut desires to manufacture and sell small arms and small arms ammunition per the Montana Firearms Freedom Act.

4. Defendant Eric H. Holder, Jr., is the appointed, qualified, confirmed and acting Attorney General and head of the Department of Justice of the United States of America and, as such, is the official charged with administering the Unites States Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE") and enforcement of both the National Firearms Act ("NFA"), and the Gun Control Act of 1968 ("GCA"). DEFENDANT maintains his offices as Attorney General in the District of Columbia.

3

5. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and 18 U.S.C. § 925A, and is brought for the purpose of determining a question of actual controversy between the parties as more fully appears in the complaint below.

6. Jurisdiction of this action is based generally on 5 U.S.C. § 704 and 28 U.S.C. § 1331. Jurisdiction is expressly conferred on this court by 18 U.S.C. § 925A(2).

7. Venue for this action is proper pursuant to 28 U.S.C. § 1391(e) because PLAINTIFFS reside in this district and no real property is involved in this action.

8. The Montana Firearms Freedom Act ("MFFA") and House Bill 246 of the 2009 Montana legislative session, whose language is incorporated herein by this reference, becomes effective today. Its scope is limited to activity occurring exclusively within the State of Montana.

9. The activity authorized under the MFFA is primarily political. It has a commercial element, but the purpose is to allow Montanans who wish to avoid interference by the United States government in their legitimate activity (specifically, manufacturing and selling small arms and small arms ammunition) to do so if they strictly confine such activity to the

4

political boundaries of their own state. Although there are commercial elements to the statutory scheme, they are incidental to the material purpose and function of the MFFA. Passage of the MFFA was an express exercise by the State of Montana of powers reserved to the states and to the people under the Tenth Amendment of the United States Constitution. The MFFA is also authorized under the conditions of the compact with the United States that Montana entered upon admission to the union. The United States Congress therefore has no authority, under the limited powers granted to it by the United States Constitution, to preempt the MFFA.

10. PLAINTIFF MARBUT wishes to manufacture and sell small arms and small arms ammunition to customers exclusively in Montana, pursuant to the MFFA, without complying with the NFA or the GCA, or other applicable federal laws. MARBUT has sought permission and assurances from BATFE that he may proceed under MFFA without fear of criminal prosecution or civil sanction, so long as he strictly confines such activity to the State of Montana.

11. PLAINTIFF MSSA and PLAINTIFF SAF have members, along with other Montana citizens, who wish to manufacture and sell small arms

and small arms ammunition to customers in Montana, pursuant to the MFFA, without complying with the NFA or the GCA, or other applicable federal laws.

12. Like PLAINTIFF MARBUT, other members of PLAINTIFF MSSA and PLAINTIFF SAF, and other Montana citizens, have sought permission and assurances from BATFE that they may proceed under MFFA without fear of criminal prosecution or civil sanction, so long as they strictly confine such activity to the State of Montana.

13. BATFE refuses to give permission to MARBUT or anyone else to proceed under MFFA, and instead, on September 29, 2009, it issued a letter to PLAINTIFF MARBUT contending that "to the extent the [MFFA] conflicts with Federal firearms laws and regulations, Federal law supersedes the MFFA, and all provisions of the GCA and NFA, and their corresponding regulations, continue to apply." (*See* copy of letter attached hereto as Exhibit A.) This is consistent with an "open letter" BATFE issued to the general public on July 16, 2009, warning that MFFA conflicts with federal firearms law and regulations, and that federal law therefore supersedes the MFFA. (*See* copy of letter attached hereto as Exhibit B.)

6

14. As a result of BATFE'S actions in issuing its July 16, 2009, "open letter" and in its September 29, 2009, letter to PLAINTIFF MARBUT, and its refusal to give other Montana citizens assurances or permission to exercise their rights under the MFFA, no Montanan who wishes to proceed under the MFFA can do so without fear of federal criminal prosecution and/or civil sanctions, including fines and/or forfeiture.

15. There is therefore a real and actual controversy between PLAINTIFFS and DEFENDANT regarding whether the United States Constitution confers power on Congress to regulate activities contemplated by the MFFA. Under the Tenth Amendment, all regulatory authority of all such activities within Montana's political borders is left to the sole discretion of Montana. Federal law therefore does not preempt the MFFA and cannot be invoked to regulate or prosecute Montana citizens acting in compliance with the MFFA, so long as they do so solely within the political borders of the State of Montana.

16. In addition, PLAINTIFFS face irreparable harm from DEFENDANT'S threat to enforce the NFA and/or the GCA and other federal laws and regulations through the prosecution of civil actions and criminal indictments against Montana citizens who proceed in compliance with

7

MFFA. The threat of federal civil action and/or criminal prosecution faced under the circumstances effectively blocks PLAINTIFFS and all law abiding citizens from exercising their rights under and otherwise benefitting from the MFFA, a wrong for which they have no adequate legal remedy at law.

## REQUEST FOR RELIEF

PLAINTIFFS respectfully request:

A.  A declaratory judgment pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57 for the purpose of determining and adjudicating the questions of actual controversy between the parties as set forth above, that:

>    (i)   The United States Constitution confers no power on Congress to regulate the special rights and activities contemplated by the MFFA;
>
>    (ii)  Under the Tenth Amendment of the United States Constitution, all regulatory authority of all such activities within Montana's political borders is left in the sole discretion of the State of Montana; and
>
>    (iii) Federal law does not preempt the MFFA and cannot be invoked to regulate or prosecute Montana citizens acting in compliance with the MFFA.

B.  A permanent injunction order enjoining DEFENDANT and any agency of the United States of America from prosecuting any civil action,

8

criminal indictment or information under the NFA or the GCA, or any other federal laws and regulations, against PLAINTIFFS or other Montana citizens acting solely within the political borders of the State of Montana, in compliance with the MFFA.

C. An order awarding PLAINTIFFS costs and reasonable attorney fees under the private attorney general doctrine.

D. PLAINTIFFS request such other and further relief as may be proper in the circumstances.

Dated this 1st day of October, 2009.

>Respectfully Submitted,
>SULLIVAN, TABARACCI & RHOADES, P.C.
>
>
>By: /s/ Quentin M. Rhoades
>    Quentin M. Rhoades
>    *Pro Querente*

9

# EXHIBIT A

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Special Agent in Charge*

Denver Field Division
Denver, Colorado 80294
www.atf.gov

September 29, 2009

788000: DJR
5300

Mr. Gary Marbut
P.O. Box 16106
Missoula, MT 59808

Dear Mr. Marbut,

I have reviewed your letter dated August 21, 2009. In that letter you indicate that you wish to manufacture firearms, firearms accessories, or ammunition consistent with the Montana Firearms Freedom Act (Montana HB 246.) You inquired whether under Federal law it is permissible to manufacture such items for your sole use, and whether you could manufacture such items for sale to others within Montana.

As a first matter, the manufacture of firearms, ammunition, and firearms accessories for your personal use does generally not require licensure under the Federal Gun Control Act of 1968, as amended (GCA). If the firearm, however, is of a type that is defined under 26 U.S.C. Section 5845 (*i.e.*, a National Firearms Act firearm), you will need to file an ATF Form 1, and have it approved by ATF prior to manufacture. I note that in Montana HB 246, the definition of firearm accessory includes sound suppressors. A sound suppressor could come within the definition of a silencer or muffler under the National Firearms Act (NFA), and manufacture of such, even for personal use, would require filing an ATF Form 1, and approval from ATF.

Your other concern is whether it is permissible under Federal law to manufacture firearms, firearms accessories, or ammunition for sale to others within Montana. The manufacture of firearms or ammunition for sale to others within Montana requires licensure by ATF. In order to become a licensed manufacturer you will need to file an ATF Form 7 with ATF's Federal Firearms Licensing Center. I have attached a form with instructions for your use. The manufacture of firearms accessories for sale within Montana, with the exception of sound suppressors, does not require a license from ATF. If you desire to manufacture sound suppressors for sale, please contact our ATF Salt

Lake City Industry Operations Office at 801-524-7000. That office can assist you in becoming a manufacturer of NFA firearms.

Also, if you are engaging in the business of manufacturing firearms or ammunition for sale to others, and desire ATF to examine a sample of such firearm or ammunition, please contact ATF's Firearms Technology Branch at 304-260-3414, who will arrange to have the firearm or ammunition evaluated at the local ATF office in Montana.

As a final matter, ATF hopes to work with you in obtaining any necessary manufacturing licenses required under the GCA, or registration of firearms covered by the NFA. However, you should be aware that any unlicensed manufacturing of firearms or ammunition for sale or resale, or the manufacture of any NFA weapons, including sound suppressors, without proper registration and payment of tax, is a violation of Federal law and could lead to the forfeiture of such items and potential criminal prosecution under the GCA or NFA. To the extent that the Montana Firearms Freedom Act conflicts with Federal firearms laws and regulations, Federal law supersedes the Act, and all provisions of the GCA and NFA, and their corresponding regulations, continue to apply.

If you have any questions about any of the matters addressed in this letter, please contact Resident Agent in Charge Ken Bray at 406-657-6886.

Sincerely,

Richard E. Chase
Special Agent in Charge
Denver Field Division

<a

 

# Gary S. Marbut
P.O. Box 16106, Missoula, Montana 59808
406-549-1252 – gary@marbut.com

August 21, 2009

Mr. Ken Bray
Resident Agent in Charge, BATFE
2929 Third Avenue North, Room 528
Billings, Montana 59101

Dear Mr. Bray,

I wish to manufacture firearms, firearm accessories or ammunition consistent with the Montana Firearms Freedom Act, enacted by the 2009 Montana Legislature, which becomes effective on October 1, 2009.
http://data.opi.mt.gov/bills/2009/billhtml/HB0246.htm

Can you tell me if it is permissible under federal law to either:

1) Manufacture such items solely for my own use in Montana, or

2) Manufacture such items for sale to others only within Montana.

Thank you for your timely response.

Sincerely,

Gary Marbut

**EXHIBIT B**



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Assistant Director*

Washington, DC 20226

JUL 16 2009

## OPEN LETTER TO ALL MONTANA
## FEDERAL FIREARMS LICENSEES

The purpose of this letter is to provide guidance on your obligations as a Federal firearms licensee ("FFL"). The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") is dedicated to your success in meeting your requirements as a Federal firearms licensee. The following guidance is intended to assist you in accomplishing this goal.

The passage of the Montana Firearms Freedom Act, Montana House Bill 246 ("Act"), effective October 1, 2009, has generated questions from industry members as to how this State law may affect them while engaged in a firearms business activity. The Act purports to exempt personal firearms, firearms accessories, and ammunition manufactured in the State, and which remain in the State, from most Federal firearms laws and regulations. However, because the Act conflicts with Federal firearms laws and regulations, Federal law supersedes the Act, and all provisions of the Gun Control Act and the National Firearms Act, and their corresponding regulations, continue to apply.

As you may know, Federal law requires a license to engage in the business of manufacturing firearms or ammunition, or to deal in firearms, even if the firearms or ammunition remain within the same state. All firearms manufactured by a licensee must be properly marked. Additionally, each licensee must record the type, model, caliber or gauge, and serial number of each firearm manufactured or otherwise acquired, and the date such manufacture or other acquisition was made. The information required must be recorded in the licensee's records not later than the seventh day following the date such manufacture or other acquisition was made. Firearms transaction records and NICS background checks must be conducted prior to disposition of firearms to unlicensed persons. These, as well as other Federal requirements and prohibitions, apply whether or not the firearms or ammunition have crossed state lines.

If you have any questions regarding the Federal firearms laws and regulations, please contact your local ATF office. ATF works closely with the firearms industry and appreciates the important role the industry plays in combating violent crime. A listing of ATF office phone numbers can be found at http://www.atf.gov/contact/field.htm.

Carson W. Carroll
Assistant Director
(Enforcement Programs and Services)

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
MONTANA SHOOTING SPORTS ASSOCIATION, SECOND AMENDMENT FOUNDATION, and GARY MARBUT

### DEFENDANTS
ERIC H. HOLDER, JR., ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

(b) County of Residence of First Listed Plaintiff: MISSOULA COUNTY, MONTANA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Quentin M. Rhoades, Sullivan, Tabaracci & Rhoades, P.C., 1821 South Avenue West, 3rd Floor, Missoula, Montana 59801; 406-721-9700

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | IMMIGRATION | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [X] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 2201 and 2202, and 18 U.S.C. § 925A
Brief description of cause:
Declaratory judgment for the purpose of determining a question of actual controversy

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ n/a
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 10/01/2009
SIGNATURE OF ATTORNEY OF RECORD: Quentin M. Rhoades, Esq.

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____