Quentin M. Rhoades
State Bar No. 3969
**SULLIVAN, TABARACCI & RHOADES, P.C.**
1821 South Avenue West
Third Floor
Missoula, Montana 59801
Telephone: (406) 721-9700
Facsimile: (406) 721-5838
qmr@montanalawyer.com

Pro Querente

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| **MONTANA SHOOTING SPORTS ASSOCIATION, INC., SECOND AMENDMENT FOUNDATION, Inc., and GARY MARBUT,**<br><br>Plaintiffs,<br><br>vs.<br><br>**ERIC H. HOLDER, JR., ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,**<br><br>Defendant. | Cause No. CV-09-147-M-DWM-JCL<br><br><br><br>FIRST AMENDED COMPLAINT |

Plaintiffs Montana Shooting Sports Association, Inc.; Second

Amendment Foundation, Inc.; and Gary Marbut ("PLAINTIFFS"), by and

through their counsel of record, allege for their First Amended Complaint against Eric H. Holder, Attorney General of the United States of America ("DEFENDANT") as follows:

1. PLAINTIFF Montana Shooting Sports Association, Inc. ("MSSA") is a non-profit corporation organized under the laws of the State of Montana. The purpose of MSSA is to "support and promote firearm safety, the shooting sports, hunting, firearm collecting, and personal protection using firearms, to provide education to its members concerning shooting, firearms, safety, hunting and the right to keep and bear arms, to own and/or manage one or more shooting facilities for the use of its members and/or others, and to conduct such other activities as serves the needs of its members." MSSA regularly lobbies the Montana Legislature and its efforts were instrumental in the passage of the Montana statutes at issue in this civil action. MSSA is a statewide organization and has a genuine and viable interest in this case, as its goals and existence depend upon asserting and protecting the rights and interests of its members and the enforcement of Montana law.

2. PLAINTIFF Second Amendment Foundation, Inc. ("SAF"), is a non-profit membership organization incorporated under the laws of the

State of Washington, with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide, including Montana. The purposes of SAF include promoting the exercise of the right to keep and bear arms, education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control.

3. PLAINTIFF Gary Marbut ("MARBUT") is the President of MSSA, a citizen of the United States, and a resident of Missoula County, Montana. Marbut is responsible for promoting and protecting the interests of MSSA and its members. Further, as an individual, Marbut desires to manufacture and sell small arms and small arms ammunition per the Montana Firearms Freedom Act.

4. Defendant Eric H. Holder, Jr., is the appointed, qualified, confirmed and acting Attorney General and head of the Department of Justice of the United States of America and, as such, is the official charged with administering the Unites States Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE") and enforcement of both the National Firearms Act ("NFA"), and the Gun Control Act of 1968 ("GCA"). DEFENDANT

maintains his office as Attorney General in the District of Columbia.

5. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and 18 U.S.C. § 925A, and is brought for the purpose of determining a question of actual controversy between the parties as more fully appears in the complaint below.

6. Jurisdiction of this action is based generally on 5 U.S.C. § 704 and 28 U.S.C. § 1331. Jurisdiction is expressly conferred on this Court by 18 U.S.C. § 925A(2).

7. Venue for this action is proper pursuant to 28 U.S.C. § 1391(e) because PLAINTIFFS reside in this district and no real property is involved in this action.

8. The Montana Firearms Freedom Act ("MFFA") also known as House Bill 246 of the 2009 Montana legislative session, whose language is incorporated herein by this reference, became effective October 1, 2009. Its scope is limited to activity occurring exclusively within the State of Montana.

9. The activity authorized under the MFFA is primarily political. It has a commercial element, but the legislative purpose is to allow Montanans who wish to avoid interference by the United States

government in their legitimate and constitutionally-protected activity (specifically, manufacturing and selling small arms and small arms ammunition) to do so if they strictly confine such activity to the political boundaries of their own state.  Although there are commercial elements to the statutory scheme, they are incidental to the object and function of the MFFA.  Passage of the MFFA was an express exercise by the State of Montana of powers reserved to the states and to the people under the Tenth Amendment of the United States Constitution.  The MFFA is also authorized under the conditions of the compact with the United States that Montana entered upon admission to the union.  The United States Congress therefore has no authority, under the limited powers granted to it by the United States Constitution, to preempt the MFFA.

    10.   PLAINTIFF MARBUT wishes to manufacture and sell small arms and small arms ammunition to customers exclusively in Montana, pursuant to the MFFA, without complying with the NFA or the GCA, or other applicable federal laws.  MARBUT has sought permission and assurances from BATFE that he may proceed under MFFA without fear of criminal prosecution or civil sanction, so long as he strictly confines such activity to the State of Montana.

11. PLAINTIFF MSSA and PLAINTIFF SAF have members, along with other Montana citizens, who wish to manufacture and sell small arms and small arms ammunition to customers in Montana, pursuant to the MFFA, without complying with the NFA or the GCA, or other applicable federal laws.

12. Like PLAINTIFF MARBUT, other members of PLAINTIFF MSSA and PLAINTIFF SAF, and other Montana citizens, have sought permission and assurances from BATFE that they may proceed under MFFA without fear of criminal prosecution or civil sanction, so long as they strictly confine such activity to the State of Montana.

13. BATFE refuses to give permission to MARBUT or anyone else to proceed under MFFA, and instead, on September 29, 2009, it issued a letter to PLAINTIFF MARBUT contending that "to the extent the [MFFA] conflicts with federal firearms laws and regulations, federal law supersedes the MFFA, and all provisions of the GCA and NFA, and their corresponding regulations, continue to apply." (See copy of letter attached hereto as Exhibit A.) This is consistent with an "open letter" BATFE issued to the general public on July 16, 2009, warning that MFFA conflicts with federal firearms law and regulations, and that federal law therefore supersedes

the MFFA.  (See copy of letter attached hereto as Exhibit B.)

14. As a result of BATFE'S actions in issuing its July 16, 2009, "open letter" and in its September 29, 2009, letter to PLAINTIFF MARBUT, and its refusal to give other Montana citizens assurances or permission to exercise their rights under the MFFA, no Montanan who wishes to proceed under the MFFA can do so without fear of federal criminal prosecution and/or civil sanctions, including fines and/or forfeiture.

15. Federal law does not preempt the MFFA and cannot be invoked to regulate or prosecute Montana citizens acting in compliance with the MFFA because denying federal preemption of the provisions of MFFA regulating the class of activity protected by the MFFA would not undercut the regulation of the interstate market in that activity.  Likewise, federal law does not preempt the MFFA because the class of activity protected by the MFFA does not and would not substantially affect interstate commerce.

16. Federal law does not preempt the MFFA and cannot be invoked to regulate or prosecute Montana citizens acting in compliance with the MFFA because the activity protected by MFFA substantially advances the traditional interests of the state in promoting public health, safety, and welfare.

17. There is therefore a real and actual controversy between PLAINTIFFS and DEFENDANT regarding whether the United States Constitution confers power on Congress to regulate activities contemplated by the MFFA. Under the Tenth Amendment, all regulatory authority of all such activities within Montana's political borders is left to the sole discretion of Montana. Federal law therefore does not preempt the MFFA and cannot be invoked to regulate or prosecute Montana citizens acting in compliance with the MFFA, so long as they do so solely within the political borders of the State of Montana.

18. There is also a real and actual controversy between PLAINTIFFS and DEFENDANT regarding whether federal preemption of the provisions of MFFA regulating the class of activity protected by the MFFA would undercut the regulation of the interstate market in that activity, and whether the class of activity protected by the MFFA actually affects interstate commerce in either a diminimus or insubstantial fashion.

19. In addition, PLAINTIFFS face irreparable harm from DEFENDANT'S threat to enforce the NFA and/or the GCA and other federal laws and regulations through the prosecution of civil actions and criminal indictments against Montana citizens who proceed in compliance with

MFFA. The threat of federal civil action and/or criminal prosecution faced under the circumstances effectively blocks PLAINTIFFS and all law abiding citizens from exercising their rights under and otherwise benefitting from the MFFA, a wrong for which they have no adequate legal remedy at law.

## REQUEST FOR RELIEF

PLAINTIFFS respectfully request:

A.  A declaratory judgment pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57 for the purpose of determining and adjudicating the questions of actual controversy between the parties as set forth above, that:

>   (i)   The United States Constitution confers no power on Congress to regulate the special rights and activities contemplated by the MFFA;
>
>   (ii)  Under the Tenth Amendment of the United States Constitution, all regulatory authority of all such activities within Montana's political borders is left in the sole discretion of the State of Montana; and
>
>   (iii) Federal law does not preempt the MFFA and cannot be invoked to regulate or prosecute Montana citizens acting in compliance with the MFFA.

B.  A permanent injunction order enjoining DEFENDANT and any agency of the United States of America from prosecuting any civil action,

criminal indictment or information under the NFA or the GCA, or any other federal laws and regulations, against PLAINTIFFS or other Montana citizens acting solely within the political borders of the State of Montana, in compliance with the MFFA.

    C.    An order awarding PLAINTIFFS costs and reasonable attorney fees under the private attorney general doctrine.

    D.    PLAINTIFFS request such other and further relief as may be proper in the circumstances.

Dated this 14th day of December, 2009.

> Respectfully Submitted,
> SULLIVAN, TABARACCI & RHOADES, P.C.
>
> By: /s/ Quentin M. Rhoades
>     Quentin M. Rhoades
>     Pro Querente