# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

_____

MONTANA SHOOTING SPORTS                    CV-09-147-DWM-JCL
ASSOCIATION, SECOND
AMENDMENT FOUNDATION,
Inc., and GARY MARBUT

                                                                    ORDER

                    Plaintiffs,

          vs.

ERIC H. HOLDER, JR., ATTORNEY
GENERAL OF THE UNITED STATES
OF AMERICA,

                    Defendant.

_____

        A preliminary pretrial conference in this case was held on February 2, 2010,

in Missoula, Montana.  Pursuant to the discussion elicited at the conference, the

following order is entered.

1.       The Plaintiffs shall, on or before April 12, 2010, file a response to the

Defendants' pending motion to dismiss.  The Court shall require any individual or

entity that might be granted leave to file a brief as an amicus curie to file such

brief on or before April 12, 2010.  The Defendant may file a reply brief on or

before May 7, 2010.

ORDER - Page 1

2.      The following schedule will govern all further pretrial proceedings:

Deadline for Amending Pleadings:          April 12, 2010

Disclosure of Experts:          July 9, 2010

Discovery Deadline:          August 11, 2010

Motions Deadline (fully briefed):          September 13, 2010

Attorney Conference to Prepare
Final Pretrial Order:          week of October 25, 2010

Submit Final Pretrial Order,
Proposed Findings of Fact &
Conclusions of Law, and
Trial Briefs electronically
to dwm_propord@mtd.uscourts.gov
(Trial Briefs are optional):          November 1, 2010

Notice to Court Reporter of
Intent to Use Real-Time:          November 1, 2010

Notice to I.T. Supervisor of
Intent to Use CD-ROM or
Videoconferencing:          November 1, 2010

Final Pretrial Conference:          December 6, 2010, at 8:30 a.m.[1]
                                    Missoula, Montana

Bench Trial:          December 6, 2010, immediately
                      following Final Pretrial Conference
                      Russell Smith Courthouse
                      Missoula, Montana

_____

[1]Pursuant to 18 U.S.C. § 3161(h) and Fed.R.Crim.P. 50, criminal matters take priority over civil matters in the event of a conflict.  Accordingly, all civil trial settings are subject to the Court's criminal calendar.

ORDER - Page 2

**Continuance of the above deadlines will not be granted, absent compelling**

**reasons.** A continuance of any deadline set by this order does <u>not</u> extend any

other deadline.  Neither the date set for trial nor the date set to file motions will be

altered or changed even if the Court authorizes any other date to be changed.

**IT IS FURTHER ORDERED:**

**3.  Local Rules and Electronic Filing**.  Parties are advised that revised Local

Rules for the District of Montana became effective December 1, 2009, and apply

in all cases pending at that time.  In addition, all counsel shall take steps to register

in the Court's electronic filing system ("CM-ECF").  All counsel must show cause

if they are not filing electronically.  Further information is available on the Court's

website, www.mtd.uscourts.gov, or from the Clerk's Office.  <u>See also</u> L.R. 1.6.

**4.  Service by E-Mail for Parties Not Filing Electronically**.  Parties not filing

electronically may consent to be served by e-mail, pursuant to Fed. R. Civ. P.

5(b)(2)(E), by completing, serving, and filing Form B from the Appendix to the

Local Rules.  <u>See</u> L.R. 5.2(a).

**5.  Stipulations**.  Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the following facts are

admitted and agreed upon:  none at this time

**6.  Discovery Exhibits**.  <u>During discovery, the exhibits shall be numbered</u>

ORDER - Page 3

seriatim.  Numbers used for exhibits during discovery shall be identically used at trial.

**7.  Foundation & Authenticity of Discovery Documents**.  Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the parties stipulate as to foundation and authenticity for all written documents produced in pre-trial disclosure and during the course of discovery.  However, if counsel objects to either the foundation or the authenticity of a particular document then counsel must make specific objection to opposing counsel in writing within a reasonable time after receiving the document.  If a document is produced and the producing party objects either to the foundation or authenticity, the producing party shall so state, in writing, at the time of production.  All other objections are reserved for trial.

**8.  Supplementation of Discovery Responses**.  Pursuant to Fed. R. Civ. P. 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

**9.  Experts**.  The parties informed the Court that they expect to engage experts in the following areas:  none at this time

Experts, if engaged, must be disclosed in accordance with the time limits set forth in paragraph 2.

ORDER - Page 4

**10. Expert Reports**.

(a) Retained or Specially Employed

Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify.  Expert reports must satisfy the specific requirements of Fed. R. Civ. P. 26(a)(2)(B).  Objections to the timeliness or sufficiency of a Rule 26(a)(2)(b) report must be made within 14 days of the disclosure date set forth in paragraph 2, or the objection will be deemed waived.  <u>An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed.</u>

(b) Other Witnesses Who Will Present Expert Testimony.

With respect to those expert witnesses not required to provide a written report under Rule 26(a)(2)(B), a party must serve a disclosure, identifying the evidence and stating:

(i) the subject matter on which the witness is expected to present evidence under Fed. R. Civ. Evid. 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is

ORDER - Page 5

expected to testify.

**11. Rebuttal Experts**.  Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty (30) days of the date set forth in paragraph 2 for expert disclosure.  Fed. R. Civ. P. 26(a)(2)(C).

**12. Supplementation of Incomplete or Incorrect Expert Reports**.

Supplemental disclosures by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, whose report or deposition is <u>incomplete</u> or <u>incorrect</u>, must be disclosed no later than ninety (90) days before the date set for trial set forth in paragraph 2.

**13. Motions**.  Pursuant to Fed. R. Civ. P. 16(b)(3)(A), all dispositive motions, discovery motions, and motions in limine shall be fully briefed by the date set forth in paragraph 2.  "Fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed with the court.

**14. Unopposed Motions.**  Unopposed motions shall be accompanied by a

ORDER - Page 6

proposed order, separate from the motion.  The proposed order shall be a Word

Perfect document with 14-point Times New Roman font, and there shall be no

code or formatting in the case caption in the proposed order.  The proposed order

shall be e-filed under the heading "Text of Proposed Order" and e-mailed to

dwm_propord@mtd.uscourts.gov.  Failure to comply with this procedure will

result in delayed resolution of the unopposed motion.

**15.  Hearings & Oral Arguments**.  Parties shall provide an alphabetized index of

cases expected to be referenced, with citations, to the Court Reporter immediately

prior to any oral argument or hearing.

**16.  Bench Trial**.  Bench trial of this case shall be conducted in Missoula,

Montana, before the Honorable Donald W. Molloy.

**17.  Attorney Conference for Trial Preparation**.  If the case does not settle,

counsel for the plaintiff shall convene an attorneys' conference during the week

indicated in paragraph 2, or before, to complete the Final Pretrial Order, to

exchange exhibits and witness lists, and to complete or plan for the completion of

all items listed in L.R. 16.5(b).  The Final Pretrial Order shall comply with the

form prescribed by Fed. R. Civ. P. 26(a)(3)(A)(i)-(iii) and Local Rule 16.4.

Except for relevancy, objections to the use or designation of deposition testimony

are waived if they are not disclosed on the opposing party's witness list, and

ORDER - Page 7

objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list.  See generally Forms D, E, and F, Local Rules Appendix.

**18.  Trial Exhibits**.

(a) Exhibits are to be bound in a loose leaf binder with extended tabs, and must be exchanged with opposing counsel prior to the final pretrial conference.

(b)     Each exhibit contained in the binders must bear an extended tab showing the number of the exhibit.  The exhibit list must identify those exhibits the party expects to offer and those the party may offer if the need arises.  Fed. R. Civ. P.  26(a)(3)(A)(iii); Form F, Local Rules Appendix.

(c)     Exhibits marked for use at trial that have not been numbered in discovery shall be marked by plaintiffs using an agreed upon range of arabic numbers and by defendants using a different agreed upon range of arabic numbers.

(d)     Each exhibit document will be paginated, including any attachments thereto.  Exhibits shall not be duplicated.  An exhibit may be used by either of the parties.

(e)     One copy of the original document exhibits shall be submitted for the exclusive use of the court, and will be contained in a binder.  The binder shall be delivered to the chambers of Judge Donald W. Molloy on or before the date of the final pretrial conference.

ORDER - Page 8

(f) <u>Failure to comply with (a) through (e) above may result in the exclusion of the exhibit at trial.</u>

**19. Final Pretrial Order**.  The parties should e-file the proposed Final Pretrial Order and e-mail a copy in Word Perfect format to dwm_propord@mtd.uscourts.gov.  Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

**20. Final Pretrial Conference**.  Counsel for the parties shall appear before the Court in chambers at Missoula, Montana, for the final pretrial conference on the date and time set forth in paragraph 2.  Each party should bring Judge Molloy's copy of its trial exhibits if a copy has not already been delivered to chambers.

**21. Trial Briefs**.  Trial briefs are optional but if filed must be received by the court on the date indicated in paragraph 2.

**22. Proposed Findings of Fact & Conclusions of Law.**

(a)     The parties shall jointly prepare one copy of proposed Findings of Fact upon which they agree, with citations to the record for each Finding of Fact. Each party may also prepare a separate proposed Findings of Fact with citations to the record for each Finding of Fact for matters upon which parties cannot reach agreement.

ORDER - Page 9

(b)      The parties shall jointly prepare one copy of proposed Conclusions of Law upon which they agree, with appropriate citations for each Conclusion of Law.  Each party may also prepare a separate proposed Conclusions of Law with appropriate citations for each Conclusion of Law for matters upon which parties cannot reach agreement.

The parties should e-file the Proposed Findings of Fact & Conclusions of Law and e-mail a copy in Word Perfect format to dwm_propord@mtd.uscourts.gov on the date indicated in paragraph 2.

**23.  Calling Witnesses At Trial**.

When a witness is called to testify at trial, counsel shall provide to the clerk of court four (4) copies of a single page document, <u>see</u> Form J, Local Rules Appendix, providing the following information about the witness:

a) the full name and current address of the witness;

b) a brief description of the nature and substance of the witness's testimony;

c) date witness was deposed or statement taken; and

d) a listing of each exhibit to which the witness may refer during direct examination.

DATED this 2nd day of February, 2010.


 /s/ Jeremiah C. Lynch_____
Jeremiah C. Lynch
United States Magistrate Judge