IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MONTANA SHOOTING SPORTS ASSOCIATION, SECOND AMENDMENT FOUNDATION, INC., and GARY MARBUT, | ) ) ) ) | CV 09-147-M-DWM-JCL |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | OPINION |
| | ) | |
| ERIC H. HOLDER, JR., ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiffs Montana Shooting Sports Association, Second Amendment

Foundation, and Gary Marbut seek declaratory and injunctive relief allowing them

to manufacture and sell firearms free from the constraints imposed by federal

firearm laws.  Their central contention is that the Montana Firearms Freedom Act

-1-

and the constitutional limitations on Congress' power to regulate intrastate activity preclude the application of the federal Gun Control Act and National Firearms Act to the manufacture and sale of firearms made exclusively in Montana from materials originating in Montana and sold to customers in Montana.

The contentions in the Second Amended Complaint ask for administrative review of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives' ("ATF") letters advising Plaintiffs that federal firearms laws remain in effect regardless of the passage of the Montana Firearms Freedom Act. Plaintiffs also want a declaratory judgment that (1) Congress lacks the constitutional authority to regulate the activity covered by the Montana Firearms Freedom Act; (2) The Ninth and Tenth Amendments confer all such regulatory authority upon the State of Montana; and (3) federal law does not preempt the Montana Firearms Freedom Act and cannot be invoked to regulate activity covered by the state law. Finally, Plaintiffs request an injunction forbidding the United States from taking any action against Montana citizens acting in compliance with the Montana Firearms Freedom Act.

Eric H. Holder, Jr., Attorney General of the United States of America ("United States") has filed a motion to dismiss the Second Amendment Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. United States Magistrate Judge Jeremiah C. Lynch issued

Findings and Recommendations in which he recommended that the United States'

motion to dismiss be granted.  Judge Lynch concluded that the Court lacks subject

matter jurisdiction over the administrative review claim because the ATF's letters

do not constitute final agency action and therefore the United States has not

waived sovereign immunity under the Administrative Procedure Act, 5 U.S.C. §

702.  Judge Lynch found no subject matter jurisdiction over the remaining

constitutional claims because the individual Plaintiff and the organizational

Plaintiffs lack standing.  Plaintiff Marbut lacks standing, Judge Lynch determined,

because he is not subject to a specific threat of imminent prosecution and because

he has not alleged concrete plans to manufacture firearms in an existing business

operation.  Judge Lynch found the organizational Plaintiffs lack standing because

they have not identified an individual member who meets the standing

requirement.

     Based his findings with respect to the Court's subject matter jurisdiction,

Judge Lynch recommended that the United States' motion to dismiss be granted.

Despite that recommendation, and because of the possibility that this Court might

disagree with his conclusions on the question of subject matter jurisdiction, Judge

Lynch then went on to consider the United States' argument for dismissal on the

ground that the Plaintiffs have failed to state a claim upon which relief may be

granted.  Judge Lynch gave careful consideration to the existing case law

discussing the limits of the Congress' power to regulate intrastate commercial

activity that substantially affects interstate commerce, and concluded that

Plaintiffs have failed to state a claim because the federal firearms laws are

legitimate exercises of the commerce power as applied to the activity that

Plaintiffs seek to have protected from federal regulation.  Judge Lynch then

determined that the Plaintiffs' failure to state a claim provides an alternative basis

for dismissal of the non-APA claims.

Plaintiffs filed nominal objections to Judge Lynch's Findings and

Recommendations, as did Intervenor the State of Montana.  Plaintiffs' objections

consist of a list of 12 bullet points summarily describing aspects on Judge Lynch's

analysis with which they disagree.  The objections are not supported by any

analysis or citation to legal authority, save for a generalized reference to the

arguments presented before Judge Lynch.  Plaintiffs conclude their objections with

a citation to the recent United States Supreme Court case of McDonald v. City of

Chicago, 561 U.S. ___, 130 S.Ct. 3020 (2010), and an argument that they should

be granted leave to amend their pleadings a third time so that they may allege a

Second Amendment claim.

A party filing objections to the findings and recommendations of a

magistrate is entitled to do novo review of the issues that are "properly objected

to."  Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).  A party makes a

proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result.  It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference.  Hagberg v. Astrue, 2009 WL 3386595 at *1 (D. Mont. 2009).  "There is no benefit if the district court[] is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate.  In such situations, this Court follows other courts that have overruled the objections without analysis."  Id.  Because the Plaintiffs made no effort to support their summary objections with argument or authority explaining why they disagree with Judge Lynch's disposition, their objections are reviewed for clear error.  McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."  United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

As for the Plaintiffs' request that they be permitted to amend their pleadings, such a request is properly presented not in the Plaintiffs' objections to Judge Lynch's Findings and Recommendations, but rather in a motion made first before Judge Lynch, who is the presiding judge over such matters under 28 U.S.C.

§ 636(b)(1)(B).  See Order dated February 11, 2010 (Doc. No. 20).  Emboldened

by a new Second Amendment history discovered in Heller,[1] and the Montana

Legislature's prerogative to riddle the statutory code with "political statements,"[2]

the Plaintiffs, having already twice amended their pleadings, failed to raise the

Second Amendment issue until after Judge Lynch filed his Findings and

Recommendations, despite being explicitly put on notice of the deficiency on May

18, 2010, when the United States noted in its Reply that the Second Amended

Complaint does not allege a Second Amendment violation.  Doc. No. 70 at 38.

The State of Montana's objections question Judge Lynch's determination

that the application of the federal firearms laws to the intrastate manufacture and

sale of firearms is a permissible exercise of the commerce power under Gonzalez

v. Raich, 545 U.S. 1 (2005), and United States v. Stewart, 451 F.3d 1071 (9th Cir.

2006).  Montana argues that Raich and Stewart are now distinguishable because

unlike the marijuana and machine guns at issue in those cases, the guns

manufactured under the Montana Firearms Freedom Act would be stamped with a

"Made in Montana" logo.  The State also argues Stewart was based on a faulty

view of the Second Amendment.

There is no basis in Raich or Stewart for the assumption that the addition of

---

[1]District of Columbia v. Heller, 554 U.S. ____, 130 S.Ct. 3020 (2008).

[2]See Judge Lunch's Findings and Recommendations, Doc. No. 103 at 57 n.18.

a logo specifying the origin of the product would have led to a different result.  It

is clear from Stewart that the focus is not on the uniqueness of the product, but

rather on its potential to affect interstate commerce.  To the Stewart court, the fact

that the machine guns at issue there had never traveled in interstate commerce was

"entirely irrelevant."  451 F.3d at 1077.  The court went on to explain:

> Neither the fully mature homegrown marijuana at issue in Raich nor
> the harvested wheat at issue in Wickard had ever crossed state lines
> either.  Nor does it matter that Stewart's activities alone did not have a
> substantial effect on interstate commerce.  Since Wickard, it has been
> well established that we aggregate intra-state activities in as-applied
> Commerce Clause challenges. After Raich, the proper focus in that
> inquiry is not Stewart and his unique homemade machineguns, but all
> homemade machineguns manufactured intrastate. Moreover, we do
> not require the government to prove that those activities *actually*
> affected interstate commerce;[3] we merely inquire whether Congress
> had a rational basis for so concluding.

Id. (emphasis in original).

Like the machine guns in Stewart, guns manufactured in accordance with

the Montana Firearms Freedom Act would be interchangeable economic

substitutes with other firearms, regardless of the existence of a stamp indicating

the weapon was "Made in Montana."  The origin of the firearm is of no

importance to a customer whose primary concern is that it functions properly, and

---

[3]This point disposes of the State of Montana's objection faulting Judge Lynch for denying
the Plaintiffs the opportunity to present proof of the nature of the intrastate market for firearms in
Montana.  Whether such a market exists goes to the *actual* affect of the proposed activity on
interstate commerce; such proof is not necessary to the determination whether Congress had a
rational basis for concluding that the activity would affect interstate commerce in the aggregate.

is especially irrelevant to the buyer whose primary purpose is to avoid federal

regulation and registration because he is prohibited from possessing firearms

under federal law.  The State has failed to distinguish <u>Raich</u> and <u>Stewart</u> in a

meaningful way, and Judge Lynch's application of them to this case is correct.

Having reviewed de novo those aspects of Judge Lynch's analysis that were

properly objected to, and having reviewed the remainder of his analysis for clear

error, the Court adopts Judge Lynch's Findings and Recommendations (Doc. No.

103) in full.

Accordingly, IT IS HEREBY ORDERED that the United States' motion to

dismiss is GRANTED, and this case is DISMISSED due to lack of subject matter

jurisdiction and failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to enter judgment in favor of the United

States and against Plaintiffs in accordance with this Opinion.

DATED this 18th day of October, 2010.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT